UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:23-CR-129 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Amanda Knapp |
| | ) | |
| DARREN M. MATHENEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**OPINION AND ORDER**

Defendant Darren M. Matheney pled guilty after entering into a plea agreement in which he and the United States agreed that the base offense level for the violation of 18 U.S.C. § 922(g)(1) to which he admitted is 24.  The plea agreement also noted a maximum penalty of fifteen years' imprisonment.  As is routine, the Office of Pretrial Services and Probation filed a Presentence Investigation Report. (ECF No. 18.)  The report suggests that Mr. Matheney is subject to a mandatory *minimum* sentence of fifteen years, as an armed career criminal under federal law. 18 U.S.C. § 924(e)(1).  (*See id.*, PageID #70.)

Pursuant to the Court's Order (Docket Entry, Feb. 8, 2024), and after a hearing, counsel submitted a joint memorandum stating their positions on whether the Armed Career Criminal Act applies to Mr. Matheney.  (ECF No. 22.)  The relevant portion of the Armed Career Criminal Act is triggered where a person violates Section 922(g) and "has three previous convictions . . . for a violent felony or a serious drug

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Counsel for Defendant and for the United States agree that Mr. Matheney's past convictions do not trigger the Act. (ECF No. 22, PageID #115.)

The Court has considered the parties' joint memorandum, and the briefs and arguments pending before the Supreme Court in *Erlinger v. United States*, 144 S. Ct. 419 (2023). In *Erlinger*, the Supreme Court granted a writ of certiorari to examine the proof necessary to find that "a defendant's prior convictions were 'committed on occasions different from one another,' as is necessary to impose an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)." Based on its review of the parties' arguments in this case, the briefs and arguments in *Erlinger*, and the record in this case, the Court finds that this case does not support the application of the Armed Career Criminal Act for two reasons.

*First*, the record fails to show clearly how many "occasions" are involved in Mr. Matheney's previous conduct. For example, it is not clear whether the previous convictions, all for acts over a few days, represented a continuing pattern of conduct. As a formal matter, with evidence establishing that this conduct constitutes separate "occasions" under the Act, the United States has not carried its burden of establishing that its enhanced penalties apply.

*Second*, although the law of this Circuit treats the application of the Armed Career Criminal Act as a fact for the Court to determine at sentencing, *see United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022), Mr. Matheney did not admit these facts as part of his plea. Because the Department of Justice has taken the position

2

that a jury must find these facts in the absence of an admission for an enhanced penalty to apply, no advocate will present a record from which the Court could make any finding about the number of occasions at issue in Mr. Matheney's criminal history.

For these reasons individually and collectively, the Court determines that the mandatory minimum sentence under 18 U.S.C. § 924(e)(1) does not apply to the charges to which Mr. Matheney pled guilty. Accordingly, the Court will proceed to sentencing on the basis of the record before it and schedules this case for sentencing on March 20, 2024 at 11:00 am at the federal courthouse in Akron.

**SO ORDERED.**

Dated: February 28, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio